IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT § | | |
| OPPORTUNITY COMMISSION, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| and § | | |
| § | Civil Action No. | |
| JENNIFER GREEN § | | |
| § | 3:09-CV-1762-K | |
| Plaintiff-Intervenor, § | | |
| § | | |
| v. § | | |
| § | | |
| CHILDRESS ENGINEERING § | | |
| SERVICES, INC., § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Childress Engineering Services, Inc.'s ("Childress") Motion for Summary Judgment (Doc. No. 26), Childress' Motion to Strike Compromise Negotiations and Statement of Don Ray White (Doc. No. 37), and Intervenor Jennifer Green and Plaintiff Equal Employment Opportunity Commission's ("EEOC") Opposed Motion to Supplement Response (Doc. No. 38). Childress moves this Court to grant summary judgment on all three of Ms. Green and the EEOC's claims (collectively "Plaintiffs"): (1) hostile work environment; (2) retaliation; and (3) disparate treatment. Upon examination of the summary judgment record, genuine issues of material fact still

exist as to Ms. Green's claims based on a hostile work environment and for retaliation, which preclude summary judgment on those issues. Childress has demonstrated no genuine issue of material fact remains as to Plaintiffs' claim for disparate treatment, making summary judgment is appropriate for that claim. Childress' motion for summary judgment is **GRANTED in part** as to Plaintiffs' claim for disparate treatment and **DENIED in part** as to Plaintiffs' claims based on a hostile work environment and for retaliation. The Court reaches these decisions whether or not it considers (1) evidence related to any alleged compromise negotiations between Childress and Ms. Green in February 2008 or (2) the statement of Don Ray White. Accordingly, both Childress' motion to strike and Plaintiffs' motion to supplement are **DENIED as moot**.

I.      Background

Childress is a an engineering company based in Richardson, Texas. Childress provides foundation, roofing, and other structural services to commercial and residential builders. Ms. Green was hired by Childress in October 2006 as a CAD technician, meaning she performed computer-aided drafting and design work. She was assigned to the Residential Foundation department, which was managed by Kevin Hammer. Rob Stade was her direct supervisor.

Prior to joining Childress, Ms. Green had worked at a hair salon in Dallas for approximately six years. She had previously been employed as a CAD technician at companies in Dallas and Seattle for a total of about two and a half years. Ms. Green

became aware of the job opening at Childress through Mr. Hammer's wife, who worked at the same hair salon as Ms. Green.

Plaintiffs and Childress dispute many of the events that transpired after Ms. Green was hired. Plaintiffs assert that there was a hostile work environment at Childress when Ms. Green arrived, consisting of sexually derogatory language and jokes throughout her department. All of Ms. Green's co-workers in the Residential Foundations department were male. Plaintiffs also contend Childress' management was notified of these conditions on multiple occasions and failed to take corrective action. Childress disputes Ms. Green's account, including the frequency of her reports to management and the details provided. Childress asserts it took action to address Ms. Green's concerns and was prevented from doing more due to a lack of cooperation from Ms. Green during the investigations.

Plaintiffs contend Ms. Green was promised support and assistance in adjusting to her new role at Childress which she ultimately did not receive. Though Ms. Green scored higher than the other applicants on the screening test and had experience in the area, she had not worked as a CAD technician for seven years. Initially, Ms. Green was only allowed to draw work assignments from "the box," where assignments to be completed were collected. The other CAD technicians in her department, all males, had specific clients assigned to them. Plaintiffs state Ms. Green was frequently without enough work because there were fewer sources from which she could draw assignments

than her male co-workers. Childress counters that the restrictions placed on Ms. Green had nothing to do with her gender and were related to her ability to complete more advanced drafting and design assignments. Childress states the client assignment system was based on clients' requests for specific CAD technicians who were familiar with the clients' businesses based on prior work.

Ms. Green met with Childress' human resources director at least twice towards the end of 2007, in October and December, to air concerns she still had about the work environment at Childress. The parties dispute what was discussed during these meetings. Ms. Green filed a complaint with the EEOC on January 14, 2008. She was laid off by Childress one month later, on February 15, 2008. Plaintiffs argue Childress retaliated against Ms. Green for filing the EEOC complaint, a protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a) ("Title VII"). Childress asserts Ms. Green's discharge was unrelated to her EEOC complaint and that the discharge occurred because of a shortage of work and the fact that Ms. Green was the least tenured CAD technician in her department.

The EEOC brought a complaint against Childress on September 22, 2009, pursuant to the agency's authority to enforce Title VII in private actions under 42 U.S.C. § 2000e-5. Ms. Green intervened on November 16, 2009. Childress filed this motion for summary judgment on January 10, 2011 and its motion to strike on February 28, 2011. Plaintiffs filed their motion to supplement on March 15, 2011.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Triple Tee Golf, Inc. V. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the non-movant to show that summary judgment should not be granted; the non-movant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party in the face of all evidence presented. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009). A fact is material if it could affect the outcome of the lawsuit under the governing law. *Id.* All evidence and reasonable inferences must be viewed in the light most favorable to the non-movant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

III. **Analysis**

Genuine issues of material fact exist as to Plaintiffs' claims based on a hostile work environment and for retaliation. The parties dispute the atmosphere in Ms. Green's department, what was reported to management regarding the male CAD technicians' behavior, how the ensuing investigation was conducted, and the circumstances surrounding Ms. Green's discharge. Accordingly, summary judgment is not appropriate on these claims. *Celotex*, 477 U.S. at 322.

Plaintiffs also assert Ms. Green was subjected to disparate treatment while employed by Childress as it related to her work assignments and opportunities for overtime pay. Disparate treatment refers to deliberate discrimination in the terms or conditions of employment, on account of an employee's race, national origin, or gender. *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000). A Title VII gender discrimination claim can be established through either direct or circumstantial evidence. *Davis v. Chevron USA, Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994). Direct evidence is evidence which, if believed, proves the fact without inference or presumption. *Brown v. E. Miss. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993). Plaintiffs have presented no direct evidence of gender discrimination, that is, no testimony or documentation that states Ms. Green was allegedly treated differently on account of her gender. Therefore, her claim for gender discrimination will be decided under the *McDonnell Douglas* burden–shifting framework used for circumstantial evidence. *Davis*, 14 F.3d at 1087.

To present a *prima facie* case of gender discrimination under *McDonnell Douglas*, a plaintiff must demonstrate: (1) that she belongs to protected group; (2) that she was qualified for her position; (3) that she suffered an adverse employment decision; and (4) that she was replaced by someone outside the protected group or was treated less favorably than others similarly situated. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff presents a *prima facie* case of gender discrimination, the burden shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action. *Davis*, 14 F.3d at 1087. If a legitimate, non-discriminatory reason for the adverse employment action is given, the burden shifts back to the plaintiff to show the reason is a pretext for discrimination. *Id*.

### A. *Prima facie* case of gender discrimination

Childress contends Plaintiffs have not established a *prima facie* case of disparate treatment because they have not demonstrated Ms. Green suffered an adverse employment action. Plaintiffs counter that this circuit has recognized actionable discrimination that does not include any financial loss, citing *Alvarado v. Texas Rangers*, 492 F.3d 605 (5th Cir. 2007). In *Alvarado*, a female Texas state trooper applied for a transfer to the prestigious Texas Rangers division within the Department of Public Safety. *Id*. at 609–10. The panel discussed whether or not the denial of a transfer, as opposed to the denial of a promotion, could qualify as an adverse employment action. *Id*. at 612–15. Concluding that a transfer *may* qualify, the panel listed a number of

factors to consider: whether the new position (1) comes with an increase in compensation or benefits; (2) means greater responsibility or better job duties; (3) provides greater opportunities for career advancement; (4) requires greater skill, education, or experience; (5) is obtained through a competitive selection process; and (6) is objectively more prestigious. *Id.* at 614 (emphasis in original).

It is undisputed that the type of work assigned to Ms. Green was different from that assigned to other CAD technicians. Ms. Green was the only CAD technician without an assigned client, a client for which she alone was responsible. *Compare* Def. Reply at 18 *with* Pl. Resp. at 21. This meant her only source for work was "the box," where assignments without dedicated CAD technicians were placed. *Id.* Frequently, Ms. Green was without enough work to complete because she did not receive assignments in the same fashion as the male CAD technicians. Pl. App. at 7. This became important because the CAD technicians were being measured by the amount of work they completed. *Id.*

Ms. Green was also not allowed to take work home with her. *Id.* at 9. This decreased Ms. Green's opportunities to earn overtime pay, whereas the male CAD technicians were granted this option. *Id.* at 58. When Ms. Green asked about completing more assignments outside the office, Mr. Hammer, her manager, told her she could only complete extra work if she came in early or stayed late, so long as someone else was in the office to answer her questions. Def. App. at 194–95.

Childress also contends that there were no other similarly situated employees that were treated more favorably than Ms. Green. Plaintiffs assert another CAD technician, Brian Delaune, was similarly situated to Ms. Green and obtained work assignments directly from Mr. Childress, the owner of the company, something Ms. Green was not afforded. Pl. App. at 44. These assignments from Mr. Childress allowed Mr. Delaune to stay busier and complete more projects than Ms. Green. *Id.* at 52. Childress counters Mr. Delaune was hired almost a year and half before Ms. Green, making him more experienced. Def. Reply at 17. This, however, was less than the amount of time Ms. Green spent working as a CAD technician in Dallas and Seattle before joining Childress. Pl. App. at 1. She had almost two and a half years' experience as a CAD technician when she was hired by Childress. *Id.*

Ms. Green's situation meets several of the factors articulated in *Alvarado*, 492 F.3d at 614, and Plaintiffs have asserted and provided evidence of a similarly situated male employee that was treated differently than Ms. Green. Considering the low hurdle the plaintiff must clear at this stage, *Guthrie v. Tifco Indus.*, 941 F.2d 374, 377 (5th Cir. 1994) (only a "very minimal showing" is required to make out a *prima facie* case), the Court finds Plaintiffs allegations and evidence present a *prima facie* case.

**B. Legitimate, non-discriminatory reasons for Ms. Green's work assignments**

Once an employee has made out a *prima facie* case of gender discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for

the adverse employment action. *Davis*, 14 F.3d at 1087. Childress maintains Ms. Green received different work assignments because she was less experienced than the male CAD technicians and was unable to perform more advanced assignments. *See* Def. Mot. at 35; Def. Reply at 17. Childress also states the client assignment system was a product of client's requesting specific CAD technicians for certain projects. Def. App. at 215–16. Even if Childress was incorrect about Ms. Green's ability to perform more advanced tasks, this constitutes a legitimate, non-discriminatory reason for an adverse employment action. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) (even incorrect beliefs regarding ability can be legitimate, non-discriminatory reasons for the purposes of *McDonnell Douglas*). Childress has met its burden.

    **C.    Were the reasons given by Childress a pretext for gender discrimination?**

If an employer advances a legitimate, non-discriminatory reason for an adverse employment action, the employee is given an opportunity to prove that the reason is a pretext for discrimination. *Davis*, 492 F.3d at 614. Plaintiffs allege Ms. Green was denied job responsibilities and opportunities at Childress because she is a female, but Childress has offered several legitimate, nondiscriminatory reasons for its actions. Childress produced evidence Mr. Hammer, Ms. Green's manager, thought she could not handle more advanced projects given her experience. Def. App. at 187b. Childress also offered evidence that the client assignment system, which Ms. Green asserts deprived her of work opportunities, was based on client demand and not gender discrimination. *Id*.

at 215a. Plaintiffs have failed to identify any evidence in the record that would raise a genuine issue of material fact that Childress' proffered reasons are a pretext for discrimination. As such, Plaintiffs have failed to meet their burden and summary judgment is appropriate. *See Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003) (granting summary judgment where plaintiff has failed to create a genuine issue of material fact regarding pretext).

    D.    **Childress' Objections to Plaintiffs' Evidence and Plaintiffs' Request to Supplement**

Childress objects to portions of Plaintiffs' evidence, namely an alleged compromise negotiation in February 2008 and the statement of Don Ray White. Childress contends the compromise negotiations are barred by Federal Rule of Evidence 408 and that Mr. White's statement is inadmissible because it was not made under penalty of perjury. Because this Court reaches the same decision whether or not it considersthe disputed evidence, Childress' objections are moot. Plaintiffs' request to supplement Mr. White's statement, because the line "under penalty of perjury" was inadvertently left out, is also denied as moot.

**IV.**    **Conclusion**

Genuine issues of material fact still exist as to Plaintiffs' claims based on a hostile work environment and for retaliation. Childress has demonstrated no genuine issues of material fact exist as to Plaintiffs' claim for disparate treatment. Therefore, Childress' motion for summary judgment is **GRANTED in part** as to the claim for disparate

treatment and **DENIED in part** as to the claims based on a hostile work environment and for retaliation. Childress' motion to strike is **DENIED as moot** and Plaintiffs' motion to supplement is **DENIED as moot**.

**SO ORDERED.**

Signed April 5th, 2011.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE